ing for property required that inquiry on the subject be made of the judgment debtor, and no question is presented in respect to the effect that might be given by the jury to the omission to make such inquiry." * * *

*Adelbert Moot,* for the appellant.

*William B. Hoyt,* for the respondent.

Opinion by BRADLEY, J.

Present — SMITH, P. J., and BRADLEY, J.; LEWIS, J., not sitting.

Judgment affirmed.

---

JOHN E. SAVERY, RESPONDENT, *v.* ROBERT G. INGERSOLL, APPELLANT.

*Damages for a breach of a contract to deliver a lecture — when allowance will be made for profits which would have been made if the defendant had performed his contract.*

APPEAL from a judgment entered upon a verdict in the plaintiff's favor, rendered at the Cayuga Circuit for the sum of $102 damages and costs.

The action was brought to recover damages for the breach of a contract alleged to have been made by the defendant with the plaintiff. The defendant in the year 1879, was engaged in delivering lectures on public themes for a compensaation. The plaintiff claims and gave evidence tending to prove, that the defendant agreed to visit the city of Auburn, where the plaintiff resided, and deliver one of his lectures for the sum of $250, the plaintiff to have the sale of, and the money received for, the admission tickets. The defendant did not attend in pursuance of the terms of the alleged agreement, and the question argued on the appeal chiefly related to the question of damages, and exceptions taken to the admission of evidence.

The court at General Term said; " On a former trial of this action a nonsuit was granted, which, on a motion made in this court, was set aside and a new trial ordered upon the ground, that a case was made tending to prove a complete and valid contract and a

non-performance thereof on the part of the defendant. Upon the trial, now under review, the evidence produced as to the making of a contract between the parties, and the terms of the same was substantially the same as that produced upon the previous trial. We then held (as stated in our opinion, reported in 2 N. Y. State R., p. 218) that the evidence tended to prove that the parties considered and agreed upon everything essential to make a complete and binding contract, although a jury might find that their conversation was only preliminary, with a view of concluding an agreement at some future time ; that upon the whole case, in the language of the opinion,' ' it became a question of fact for the jury to determine whether or not there was an assent of the minds of the parties so as to complete a valid contract, or whether that which passed between them was a loose conversation not understood or intended as a contract.' We have read the evidence as reproduced on the last trial and reconsidered the argument of the counsel on the same question, and see no reason for changing our opinion.

" The defendant makes an argument that the rule of damages adopted on the trial was erroneous. The jury was instructed that if they should find that the parties made and concluded an agreement then the plaintiff was entitled to recover as a matter of law, at least nominal damages as a breach of the contract, and this proposition was not disputed by the defendant. The evidence tended to prove that the defendant named a day on which he would deliver the lecture and that the plaintiff assented to the appointment, and so notified the defendant, and that immediately thereafter the plaintiff incurred expense in preparing for the occasion by leasing a hall and advertising the lecture, etc.

" The court charged the jury as to the right of the plaintiff to damages for such expenses as follows : ' The defendant is entitled to recover his actual loss, his actual expenses, such expense of time and money as he had put himself to, as he had made in good faith and were to be reasonably made in view of the execution of the contract which he had entered into, and it is for you to say what sum he did reasonably expend in money, time and labor in and about his preparations for the delivery of this lecture.' To this part of the charge there was no exception. At the conclusion of the general charge, the defendant's counsel asked the court to instruct

# 178                    SAVERY v. INGERSOLL.

the jury 'that there is no evidence in this case upon which the jury can find anything but the actual damages proven;' this the court refused and the defendant excepted. We are made to understand from a perusal of the whole charge and the appellant's argument on this appeal, that the purpose of making this request to charge was to secure from the court instructions to the jury, that as a matter of law the damages claimed by the plaintiff arising from the loss of the prospective profits were too remote and uncertain and cannot be legally allowed. Previous to making this request to charge, the court had given express instructions to the jury that the plaintiff was not entitled to recover anything by way of damages, except those which they could see by the evidence he had sustained, and all uncertain and speculative damages that were matters of guess and conjecture should be rejected; and the court then gave the further instructions, 'but all such damages as you can clearly and fairly see the plaintiff has sustained by the loss of such profits, as you clearly and fairly see he would probably have made, you may allow him,' to the last part of these instructions the defendant took an exception.

"These rulings present the only question as to the rule of damages applicable to the case, which we have to consider on this appeal. The plaintiff, by the terms of the contract, purchased from the defendant the profits to be realized by a delivery of the lecture on the terms stipulated by the agreement between the parties. The plaintiff had no other object or purpose in view, on his part, than to secure to himself the profits which he might realize by a performance of the contract by the defendant. This the defendant must have understood when the contract was made; it was the only compensation which the plaintiff could have contemplated for the expense and trouble incident to the carrying out of the contract on his part. The most direct and legitimate consequence which can follow on a breach of a contract of this character is the loss of the profits. Unless that loss can be made up to the injured party, it is idle to say that any obligation was imposed upon the defendant by this contract. The consideration which the defendant was to receive for the performance of the agreement on his part was the sum of $250, which the plaintiff agreed to pay, and to which the defendant would have been entitled if he had visited Auburn at

the time named by him and offered to keep his promise. The law does not deny to the plaintiff the right to recover from the defendant, as damages, the prospective profits which the evidence established he had lost by reason of defendant's breach of the contract. The rule, as stated, relative to the measure of damages has been illustrated and applied in many cases analogous to the one at bar.

" In *Bagley* v. *Smith* (10 N. Y., 489) the action was for damages arising from an unauthorized dissolution by the defendant of a copartnership, at a time and in a manner contrary to the terms of the copartnership agreement. The plaintiff was allowed to recover as damages the profits he would have realized had the business been continued. The court, in its opinion sustaining a verdict in the plaintiff's favor, said: 'The loss of profits is one of the common grounds, and the amount of profit lost, one of the common measures of the damages to be given upon a breach of contract.' In that case the sum which the party would have made — in other words, his prospective profits — from a performance of the contract by the defendant, was held to be a true measure of damages.

" The case of *Gale* v. *Leckie* (2 Stark, 107) is an English case, strikingly like the one before us, in the nature of the agreement involved, in the difficulty of proving that loss of profits had been sustained by the plaintiff. In that case the defendant agreed, as author, to furnish a manuscript work to the plaintiffs, to be published by them at their expense, and the profits to be equally divided. The defendant failed to fulfill, and an action was brought to recover damages arising from the breach. The plaintiff gave evidence tending to show that he would probably have made a profit on the publication, and it was submitted to the jury to fix the amount of such profits and to assess the amount of the plaintiff's damages on that basis, and they rendered a verdict for fifty pounds.

" The rule is firmly established that a party to a contract may recover as damages the loss of the benefits and gains he would have realized from its performance. This measure of damages has been applicable to a great variety of agreements. (*Taylor* v. *Bradley*, 39 N. Y., 129; *Masterton* v. *Mayor, etc.*, 7 Hill, 61. *Bagley* v. *Smith*, 10 N. Y., 489; *Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 id., 205.)

" In this case the evidence was such that the amount of profits lost

by the plaintiff was doubtful and uncertain, but the same tended to prove that if the defendant had performed the agreement on his part the plaintiff would have realized from the sale of admission tickets a sum equal to the amount of the verdict, over and above the sum which he agreed to pay to the defendant and the expenses of preparing for superintending the delivery of the lecture. The damages assessed by the jury, as we must hold, in view of the instruction which they received from the court, were, in their opinion, the certain and direct results of the breach of the contract, and to such damages the plaintiff is entitled to as matter of law." * * *

*Woodin & Warren,* for the appellant.

*A. J. Parker,* for the respondent.

Opinion by BARKER, J., SMITH, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment affirmed.

---

WILLIAM H. HILL, APPELLANT, *v.* THE PEEKSKILL SAVINGS BANK AND OTHERS, RESPONDENTS.

*Town bonds, issued under chapter 146 of 1880, to replace outstanding bonds — the validity of the original bonds does not invalidate the bonds issued to replace them — presumption that public officers not concurring in the proceedings met and consulted with the others.*

APPEAL from a judgment, entered upon the decision of the Wyoming County Special Term, dismissing the plaintiff's complaint, with costs, for the reason that it did not state facts sufficient to constitute a cause of action.

The action was commenced in November, 1880, by the plaintiff, as a taxpayer, for the purpose of procuring a judgment ordering the cancellation of certain outstanding bonds, issued by the railroad commissioners for the town of Attica, Wyoming county, under the provisions of chapter 146 of 1880, in exchange for outstanding bonds, some of which were held by the defendant, the Peekskill Savings Bank. On the first trial the bonds were ordered canceled as illegal and void and the judgment was affirmed at General Term.